IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRITCHER, | 1:11-cv-02072-AWI-JLT |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | (Doc. 2) |
| MELVIN JOSEPH, et al., | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | |
| _____/ | (Doc. 1) |

Plaintiff has filed a civil rights action along with an application to proceed in forma pauperis. This proceeding was referred in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.    In Forma Pauperis**

The Court may authorize the commencement of an action in federal court without prepayment of fees if the party submits an affidavit that includes a statement of its assets and demonstrates that it is unable to pay the fees. See 28 U.S.C. § 1915(a)(1). The Court has reviewed Plaintiff's application to proceed in forma pauperis and has determined that she satisfies the requirements of § 1915(a)(1). Thus, Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**II.     Screening Requirement**

The Court is required to review a case filed in forma pauperis. See 28 U.S.C. § 1915(e)(2).  The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57.  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**III.    Plaintiff's Allegations**

Plaintiff names Defendants Melvin Joseph, Mary Wuester, Stacey Mike, Janet Hansen, Beverly Newell, Ray Hunter, Richard Button, Kathy Fubunan, Does 1 through 244, and states that with the exception of Defendant Fubunan, all Defendants are Lone Pine Paiute-Shoshone Tribal members and officers.[1]  (Doc. 1 at 2.)

Though the factual basis of Plaintiff's claims are not clear, Plaintiff appears to allege that Defendants, (acting in their capacity as tribal officers, members, or staff), violated Plaintiff's

---

[1] Plaintiff identifies Defendant Fubunan as a non-tribal member of the Lone Pine Paiute-Shoshone Tribe.

rights to due process and equal protection afforded under the federal constitution. Additionally Plaintiff avers that Defendants maintain illegal hiring practices and that their practices with regard to the expenditure of federal funds also violates unspecified portions of federal law.[2] (Id. at 3-5.) Based on the foregoing allegations, Plaintiff's prayer for relief seeks both compensatory and injunctive relief. (Id. at 7.)

## IV. Federal question jurisdiction

The district court is a court of limited jurisdiction, and is not empowered to hear every dispute filed by litigants. See Exxon Mobil Corp v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); A-Z Int'l. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003). The district court "possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." A-Z Int'l, 323 F.3d at 1145 (quotations omitted).

In her complaint, Plaintiff alleges that the Court's jurisdiction arises under 28 U.S.C. § 1331, federal question jurisdiction. Federal question jurisdiction, arising under 28 U.S.C. § 1331, requires a complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, §2 of the U.S. Constitution, or (3) be authorized by a federal statute that regulates a specific subject matter *and* confers federal jurisdiction. Baker v. Carr, 369 U.S. 186, 198 (1962).

### A. Tribal Sovereign Immunity

Without specific authority granted from a sovereign, a court does not possess jurisdiction to hear an action against that sovereign. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) ("Santa Clara Pueblo"). As the Santa Clara Pueblo Court stated: "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign

---

[2] In addition to the deficiencies discussed below, Plaintiff is advised that her complaint is factually insufficient and fails to contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949.

powers [citations]" Id. at 58.  In this regard, the Supreme Court has held that as a matter of federal law, a Tribal Nation is subject to suit only where Congress has authorized the suit[3] or the Tribe has expressly waived its sovereign immunity.  See Kiowa Tribe of Okla. v. Mfg. Techs., 523 U.S. 751, 754 (1998).  Waivers of tribal sovereign immunity "cannot be implied but must be unequivocally expressed." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) (citation omitted); Pan Am. Co. v. Sycuan Band of Mission Indians, 884 F.2d 416, 418 (9th Cir. 1989); Am. Vantage Cos., Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1099 (9th Cir. 2002). Tribal sovereign immunity extends to the off-reservation activities and to the economic as well as the governmental activities of the tribe, so long as the entity "functions as an arm of the tribe." Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir.2006).  Inclusion of a tribe on the Federal Register list of recognized tribes is generally sufficient to establish entitlement to sovereign immunity.[4]  See Ingrassia v. Chicken Ranch Bingo and Casino, 676 F.Supp.2d 953, 957 (E.D.Cal. 2009) (citation omitted).

In the instant matter, while Plaintiff's complaint does not name the tribe directly, it does allege that at all relevant times, named Defendants acted in their capacity as tribal officers and members.  Under Ninth Circuit law, tribal immunity has been extended so that a lawsuit cannot be brought indirectly against a tribe by suing its officers or even its employees.  Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 727 (9th Cir. 2008) (finding tribal immunity to extend to not only tribal officials  but also to tribal employees "acting in their official capacity and within the scope of their authority.").

Thus as noted above, Plaintiff states that Defendants are members and officers of Paiute-

---

[3] For example, the Indian Civil Rights Act, ("ICRA") affords individual tribe members certain rights that are similar but not identical to those in the Bill of Rights and the Fourteenth Amendment.  25 U.S.C. §§ 1301-1303; Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 881-82 (2d Cir. 1996).  However, Congress left enforcement of the ICRA mostly to tribal courts.  ICRA allows federal judicial review only by a petition of habeas corpus under § 1303 and otherwise does not permit private federal causes of action.  Santa Clara Pueblo, 436 U.S. at 70-71.

[4] Included in the tribes recognized in the Federal Register is the "Paiute-Shoshone Indians of the Lone Pine Community of the Lone Pine Reservation, California." Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs, 75 Fed. Reg. 60810-01, (Oct. 1, 2010), (2010 WL 3811385 (F.R.) at *9.)  Thus, as alleged, Defendants' tribe appears to be entitled to sovereign immunity.

Shoshone tribe of Lone Pine, California.  In addition, Plaintiff has not alleged waiver by the tribe or provide citation to any federal statute authorizing the action.  Accordingly, it appears from the allegations of Plaintiff's complaint, that tribal sovereign immunity extends to these Defendants and the Court does not possess subject matter jurisdiction to hear Plaintiff's claims.[5]

### B.     Leave To Amend

Leave to amend should be granted as justice so requires.  Fed.R.Civ.P. 15(a).  Though the Court doubts that Plaintiff can cure the deficiencies identified in this order, it is possible.  Thus, the Court will grant leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).  Once Plaintiff has filed and served the amended complaint, the Court will screen Plaintiff's amended complaint before ordering Defendants to respond.  Plaintiff's amended complaint should be brief, Fed.R.Civ.P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 129 S.Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987), and must be "complete in itself without reference to the prior or superseded pleading," L.R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981)); accord Forsyth, 114 F.3d at 1474.

### VI.    Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1.     Plaintiff's application to proceed in forma pauperis (Doc. 2) is **GRANTED**;

2.     Plaintiff's complaint (Doc. 1) is **DISMISSED**;

---

[5] Moreover, as the Ninth Circuit has recognized, "[t]he Supreme Court's policy of nurturing tribal self-government strongly discourages federal courts from assuming jurisdiction over unexhausted claims." Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 953 (9th Cir. 1998).  Though Plaintiff states under information and belief that Defendants "do not maintain a tribal court system of any kind," (Doc. 1 at 5), it nevertheless also appears as though Plaintiff has failed to make any effort to raise her claims before the appropriate tribal authority.

3. Plaintiff is granted 21 days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; and

4. **Plaintiff is cautioned that failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **December 28, 2011**                       /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE