# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRITCHER,<br><br>            Plaintiff,<br><br>    v.<br><br>MELVIN JOSEPH, et al.,<br><br>            Defendants.<br>_____ | ) Case No.: 1:11-cv-02072 AWI JLT<br>)<br>) ORDER TO SHOW CAUSE WHY THE<br>) ACTION SHOULD NOT BE DISMISSED FOR<br>) PLAINTIFF'S FAILURE TO PROSECUTE<br>) AND OBEY THE COURT'S ORDER<br>)<br>)<br>)<br>)<br>) |

Julie Fritcher ("Plaintiff") initiated this action on December 15, 2011 (Doc. 1). Because Plaintiff seeks to proceed *in forma pauperis*, the Court was required to screen the complaint for cognizable claims. See 28 U.S.C. 1915(e)(2). On December 28, 2011, the Court found Plaintiff failed to show the Court possesses subject matter jurisdiction over the matter, and dismissed the complaint with leave to amend. (Doc. 3).

Plaintiff was granted twenty-one days from the date of service, or until January 18, 2012, to amend her complaint. (Doc. 3 at 6). To date, Plaintiff has failed to file an amended complaint, or otherwise respond to the Court's order, in spite of the fact that Plaintiff was "**cautioned that failure to file an amended complaint in accordance with [the] order will result in a recommendation that this action be dismissed**." (*Id.* at 6) (emphasis in original).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for her failure prosecute or obey the Court's Order, or in the alternative, to file her First Amended Complaint addressing the matter of the Court's jurisdiction.

IT IS SO ORDERED.

Dated:   **January 25, 2012**                                           /s/ Jennifer L. Thurston
                                                                                   UNITED STATES MAGISTRATE JUDGE