IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRITCHER,<br><br>              Plaintiff,<br><br>     v.<br><br>MELVIN JOSEPH, et al.,<br><br>              Defendants. | Case No.: 1:11-cv-02072 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Julie Fritcher ("Plaintiff") initiated this action on December 15, 2011 (Doc. 1). Because Plaintiff is proceeding *in forma pauperis*, the Court was required to screen Plaintiff's complaint for cognizable claims. See 28 U.S.C. 1915(e)(2). Although the Court dismissed Plaintiff's complaint, Plaintiff has failed to file an amended complaint in compliance with the Court's orders. For the reasons set forth below, the Court recommends the action be **DISMISSED WITH PREJUDICE**.

**I.     Procedural History**

Because Plaintiff is proceeding *in forma pauperis*, the Court was required to screen Plaintiff's complaint for cognizable claims. See 28 U.S.C. 1915(e)(2). On December 28, 2011, the Court found Plaintiff failed to show the Court possesses subject matter jurisdiction over the matter, and dismissed the complaint with leave to amend. (Doc. 3). Plaintiff was granted twenty-one days from the date of service, or until January 18, 2012, to amend her complaint. (*Id.* at 6). In addition, Plaintiff was "**cautioned that failure to file an amended complaint in accordance with [the]**

**order will result in a recommendation that this action be dismissed**." (*Id.*) (emphasis in original). However, Plaintiff failed to comply with or otherwise respond to the Court's order.

The Court issued an Order to Show Cause for Plaintiff's failure to prosecute or obey the Court's order on January 25, 2012. (Doc. 4). The Court noted an action may be dismissed with prejudice for failure to prosecute or failure to obey the Court's orders. (*Id.* at 1-2). Plaintiff was ordered to show cause why the action should not be dismissed or to file her First Amended Complaint addressing the matter of the Court's jurisdiction. (*Id.* at 2). However, Plaintiff failed to comply with the Court's order.

## II. Failure to prosecute and obey the Court's orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III. Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute and failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff has not demonstrated that the Court has subject matter jurisdiction over the matter.

Finally, the Court's warning to Plaintiff that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Plaintiff was informed that failure to comply with the order dismissing her complaint with leave to amend may result in dismissal of the action. (Doc. 3 at 6). In addition, in the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 4 at 2). Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders, and a failure to prosecute the action. Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.   Findings and Recommendation

Since filing the Complaint, Plaintiff has failed to prosecute this action or comply with the Court's orders. Further, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the action.

Accordingly, **IT IS HEREBY RECOMMENDED**:

This action be **DISMISSED WITH PREJUDICE** for Plaintiffs failure to prosecute and failure to obey the Court's orders dated December 28, 2011 and January 25, 2012.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 10, 2012**                                   _____/s/ Jennifer L. Thurston_____
                                                                                  UNITED STATES MAGISTRATE JUDGE